UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:23-CV-22449-DPG

QUANISHA BARFIELD,

      Plaintiff,

  v.

AFFIRM, INC.; HEALTHCARE REVENUE
RECOVERY GROUP, LLC DBA ACCOUNT
RESOLUTION SERVICES; TD BANK USA, N.A.
OPPORTUNITY FINANCIAL, LLC; EQUIFAX
INFORMATION SERVICES, LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.; AND
TRANSUNION, LLC,

      Defendants.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT OF DEFENDANT AFFIRM, INC.**

Defendant Affirm, Inc. ("Affirm") hereby answers the Complaint (the "Complaint") filed by plaintiff Quanisha Barfield ("Plaintiff") as follows:

**INTRODUCTION**

1. Answering Paragraph 1 of the Complaint, Affirm admits that Plaintiff brings this action based on alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. but denies that it violated any law and further denies that Plaintiff is entitled to any relief whatsoever from Affirm.

## JURISDICTION AND VENUE

2. Answering Paragraph 2 of the Complaint, Affirm does not challenge jurisdiction for purposes of this action only; however, Plaintiff's claims are subject to binding arbitration and Affirm expressly reserves, and does not waive, the right to compel arbitration of such claims.

3. Answering Paragraph 3 of the Complaint, Affirm does not challenge venue for purposes of this action only; however, Plaintiff's claims are subject to binding arbitration and Affirm expressly reserves, and does not waive, the right to compel arbitration of such claims. Except as expressly stated, Affirm denies the allegations contained in Paragraph 3.

4. Answering Paragraph 4 of the Complaint, Affirm does not challenge jurisdiction for purposes of this action only. Except as expressly stated, Affirm denies the allegations contained in Paragraph 4.

## PARTIES

5. Answering Paragraph 5 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required. To the extent a response is required, Affirm admits, on information and belief, that Plaintiff is a resident of Miami-Dade County, Florida.

6. Answering Paragraph 6 of the Complaint, Affirm states that this Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 and, on that basis, denies the allegations contained therein.

7. Answering Paragraph 7 of the Complaint, Affirm states that this Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of

the remaining allegations contained in Paragraph 7 and, on that basis, denies the allegations contained therein.

8. Answering Paragraph 8 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required. To the extent a response is required, Affirm admits, based on information and belief, that defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency as defined by 15 U.S.C. § 1681a. Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 and, on that basis, denies the remaining allegations contained therein.

9. Answering Paragraph 9 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required. To the extent a response is required, Affirm admits, based on information and belief, that defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by 15 U.S.C. § 1681a. Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 and, on that basis, denies the remaining allegations contained therein.

10. Answering Paragraph 10 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required. To the extent a response is required, Affirm admits, based on information and belief, that defendant Transunion, LLC ("TransUnion") is a consumer reporting agency as defined by 15 U.S.C. § 1681a. Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 and, on that basis, denies the remaining allegations contained therein.

11.     Answering Paragraph 11 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.  To the extent a response is required, Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, on that basis, denies the allegations contained therein.

12.     Answering Paragraph 12 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.  To the extent a response is required, Affirm admits, based on information and belief, that defendants Equifax, Experian and TransUnion are consumer reporting agencies as defined by 15 U.S.C. § 1681a.

13.     Answering Paragraph 13 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.  To the extent a response is required, Affirm admits, based on information and belief, that defendants Equifax, Experian and TransUnion are consumer reporting agencies as defined by 15 U.S.C. § 1681a. Except as expressly stated, Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, on that basis, denies the allegations contained therein.

14.     Answering Paragraph 14 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.  To the extent a response is required, Affirm admits, based on information and belief, that defendants Equifax, Experian and TransUnion are consumer reporting agencies as defined by 15 U.S.C. § 1681a and (f).  Except as expressly stated, Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, on that basis, denies the allegations contained therein.

15. Answering Paragraph 15 of the Complaint Affirm states that it is a Delaware corporation with its principal executive offices in San Francisco, California. As relevant here, Affirm states that it operates an online platform that facilitates the making of personal loans to consumers, including within this District, in connection with purchases at the point of sale through merchants who partner with Affirm. Affirm further admits that, in certain circumstances, it furnishes information regarding loans it makes to consumers to Experian. Except as expressly stated, Affirm denies the allegations contained in Paragraph 15.

16. Answering Paragraph 16 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

17. Answering Paragraph 17 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

18. Answering Paragraph 18 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

19. Answering Paragraph 19 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

20. Answering Paragraph 20 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

21. Answering Paragraph 21 of the Complaint, Affirm states that, with respect to the allegations directed toward it, Affirm denies the allegations contained therein.

22. Answering Paragraph 22 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm. Affirm further states that the allegations in this Paragraph consist solely of legal conclusions to which no response is required. To the extent a response is required, Affirm admits, based on information and belief, that defendants Equifax,

Experian and TransUnion are consumer reporting agencies as defined by 15 U.S.C. § 1681a. Except as expressly stated, Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, on that basis, denies the allegations contained therein.

23.     Answering Paragraph 23 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.  To the extent a response is required, Affirm admits, based on information and belief, that defendants Equifax, Experian and TransUnion are consumer reporting agencies as defined by 15 U.S.C. § 1681a. Except as expressly stated, Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, on that basis, denies the allegations contained therein.

24.     Answering Paragraph 24 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm.  Affirm further states that the allegations in this Paragraph consist solely of legal conclusions to which no response is required.  To the extent a response is required, Affirm states that the 15 U.S.C. § 1681e(b) speaks for itself and denies any allegations inconsistent therewith.

25.     Answering Paragraph 25 of the Complaint, Affirm denies the allegations contained therein.

26.     Answering Paragraph 26 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

27.     Answering Paragraph 27 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

28. Answering Paragraph 28 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

29. Answering Paragraph 29 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required. To the extent a response is required, Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, on that basis, denies the allegations contained therein.

30. Answering Paragraph 30 of the Complaint, Affirm states that with respect to the allegations directed toward it, Affirm denies the allegations contained therein. To the extent a further response is required, Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, on that basis, denies the allegations contained therein.

31. Answering Paragraph 31 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

32. Answering Paragraph 32 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

33. Answering Paragraph 33 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required. To the extent a response is required, Affirm denies that it furnished inaccurate information regarding Plaintiff's Affirm accounts to Experian, denies that it violated any law, and further denies that Plaintiff is entitled to any relief whatsoever from Affirm. Except as expressly stated, Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, on that basis, denies the allegations contained therein.

34.     Answering Paragraph 34 of the Complaint, with respect to the allegations in Paragraph 34 directed toward it, Affirm denies that it furnished inaccurate information to Experian, denies that it violated any law, and further denies that Plaintiff is entitled to any relief whatsoever from Affirm.  To the extent a further response is required, Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, on that basis, denies the allegations contained therein.

## **WRITTEN DISPUTE**

35.     Answering Paragraph 35 of the Complaint, states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.  To the extent a response is required, Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, on that basis, denies the allegations contained therein.

36.     Answering Paragraph 36 of the Complaint, with respect to the allegations in Paragraph 36 directed toward it, Affirm denies that it furnished inaccurate information.  Affirm admits that it received a dispute from Experian regarding Affirm accounts associated with Plaintiff.  Except as expressly stated, Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, on that basis, denies the allegations contained therein.

37.     Answering Paragraph 37 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.  To the extent a response is required, Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, on that basis, denies the allegations contained therein.

38. Answering Paragraph 38 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required. To the extent a response is required, Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, on that basis, denies the allegations contained therein.

39. Answering Paragraph 39 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required. To the extent a response is required, Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, on that basis, denies the allegations contained therein.

40. Answering Paragraph 40 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required. To the extent a response is required, Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, on that basis, denies the allegations contained therein.

41. Answering Paragraph 41 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required. To the extent a response is required, Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, on that basis, denies the allegations contained therein.

42. Answering Paragraph 42 of the Complaint Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required. To the extent a response is required, Affirm lacks knowledge or information at this time sufficient to form a

belief as to the truth of the allegations contained in Paragraph 42 and, on that basis, denies the allegations contained therein.

43. Answering Paragraph 43 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.  To the extent a response is required, Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, on that basis, denies the allegations contained therein.

44. Answering Paragraph 44 of the Complaint, Affirm lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

45. Answering Paragraph 45 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

46. Answering Paragraph 46 of the Complaint, denies the allegations contained therein.

47. Answering Paragraph 47 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

## COUNT I – Equifax, Experian, and Transunion

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

48. Answering Paragraph 48 of the Complaint, Affirm incorporates by reference its answers to the Paragraphs above, as though fully stated herein.

49. Answering Paragraph 49 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

50. Answering Paragraph 50 of the Complaint, Affirm states that this Paragraph contains no allegations directons directed to Affirm and therefore no response is required.

51. Answering Paragraph 51 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

52. Answering Paragraph 52 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

53. Answering Paragraph 53 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

54. Answering Paragraph 54 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

55. Answering Paragraph 55 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

56. Answering Paragraph 56 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

### COUNT II – Equifax, Experian, and Transunion

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

57. Answering Paragraph 57 of the Complaint, Affirm incorporates by reference its answers to the Paragraphs above, as though fully stated herein.

58. Answering Paragraph 58 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

59. Answering Paragraph 59 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

60. Answering Paragraph 60 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

61. Answering Paragraph 61 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

62. Answering Paragraph 62 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

63. Answering Paragraph 63 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

64. Answering Paragraph 64 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

65. Answering Paragraph 65 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

## COUNT III – Affirm

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

66. Answering Paragraph 66 of the Complaint, Affirm incorporates by reference its answers to the Paragraphs above, as though fully stated herein.

67. Answering Paragraph 67 of the Complaint, Affirm denies the allegations contained therein.

68. Answering Paragraph 68 of the Complaint, Affirm denies the allegations contained therein.

69. Answering Paragraph 69 of the Complaint, Affirm denies the allegations contained therein.

70. Answering Paragraph 70 of the Complaint, Affirm denies the allegations contained therein.

71. Answering Paragraph 71 of the Complaint, Affirm denies the allegations contained therein.

72. Answering Paragraph 72 of the Complaint, Affirm denies the allegations contained therein.

## COUNT IV – TD Bank

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

73. Answering Paragraph 73 of the Complaint, Affirm incorporates by reference its answers to the Paragraphs above, as though fully stated herein.

74. Answering Paragraph 74 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

75. Answering Paragraph 75 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

76. Answering Paragraph 76 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

77. Answering Paragraph 77 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

78. Answering Paragraph 78 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

79. Answering Paragraph 79 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

## COUNT V – Opportunity

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

80. Answering Paragraph 80 of the Complaint, Affirm incorporates by reference its answers to the Paragraphs above, as though fully stated herein.

81. Answering Paragraph 81 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

82. Answering Paragraph 82 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

83. Answering Paragraph 83 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

84. Answering Paragraph 84 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

85. Answering Paragraph 85 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

86. Answering Paragraph 86 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

### COUNT VI – ARS

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

87. Answering Paragraph 87 of the Complaint, Affirm incorporates by reference its answers to the Paragraphs above, as though fully stated herein.

88. Answering Paragraph 88 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

89. Answering Paragraph 89 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

90. Answering Paragraph 90 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

91. Answering Paragraph 91 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

92. Answering Paragraph 92 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

93. Answering Paragraph 93 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

**COUNT VII – ARS**

(Fair Debt Collection Practices Act Violation – 15 U.S.C. § 1692e)

94. Answering Paragraph 94 of the Complaint, Affirm incorporates by reference its answers to the Paragraphs above, as though fully stated herein.

95. Answering Paragraph 95 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

96. Answering Paragraph 96 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

97. Answering Paragraph 97 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

98. Answering Paragraph 98 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

99. Answering Paragraph 99 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

100. Answering Paragraph 100 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

101. Answering Paragraph 101 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

102. Answering Paragraph 102 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

103. Answering Paragraph 103 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

104. Answering Paragraph 104 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

105. Answering Paragraph 105 of the Complaint, Affirm states that this Paragraph contains no allegations directed to Affirm and therefore no response is required.

## DEMAND FOR JURY TRIAL

Affirm admits that Plaintiff demands a trial by jury, but denies that Plaintiff is entitled to a jury trial in this Court.

## PRAYER FOR RELIEF

Answering Plaintiff's Prayer for Relief, Affirm denies that it violated the FCRA, and that Plaintiff is entitled to any damages or relief whatsoever, including, without limitation, actual damages, statutory damages, attorney's fees, costs, and injunctive relief.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Affirm asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Arbitration)

Plaintiff's claims may be subject to binding arbitration pursuant to a valid and binding arbitration agreement and Affirm specifically reserves, and does not waive, the right to compel arbitration of any claims asserted by Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State A Claim)

The Complaint, and each claim and cause of action set forth therein, fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

### (Apportionment/Comparative Negligence)

Affirm is not legally responsible with respect to the damages that may be claimed by Plaintiff as a result of the matters alleged in the Complaint; however, if Affirm is found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of the injuries and the damages awarded, if any, are to be apportioned accordance with the fault and legal responsibility of all non-Affirm parties, persons and entities, or the agents, servants and employees of such non-Affirm parties, persons and entities, who contributed to and/or caused said damages, according to proof presented during arbitration

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

To the extent that Plaintiff has suffered any damage as a result of the matters alleged in the Complaint, Plaintiff failed to mitigate those damages and Plaintiff's claims therefore are barred, in whole or in part.

## FIFTH AFFIRMATIVE DEFENSE

### (Independent/Intervening Conduct)

Plaintiff is barred from recovery in that any damage, injury and/or harm Plaintiff allegedly sustained was the direct and proximate result of the independent, intervening, negligent, criminal and/or unlawful conduct of independent parties or their agents, and not the result of any act or omission on the part of Affirm.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, by the conduct, actions, and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought thereby.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, by Plaintiff's conduct, actions, and inactions, which amount to and constitute a waiver of any right or rights Plaintiff may or might have in relation to the matters alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff has unreasonably delayed taking action in connection with the alleged claims, causing substantial prejudice to Affirm, and such claims therefore are barred pursuant to the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint, and each claim and cause of action set forth therein, is barred in whole or in part, on the grounds that Plaintiff may obtain no relief under the Complaint by reason of the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

The Complaint is barred, in whole or in part, by the doctrine of acquiescence.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Ratification)

The Complaint, and each purported cause of action therein, is barred by the conduct actions and inactions of Plaintiff under the doctrine of ratification.

## TWELFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Affirm expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

## PRAYER

WHEREFORE, Affirm prays as follows:

(1)  That Plaintiff take nothing by virtue of this action;

(2)  That the Complaint be dismissed with prejudice;

(3)  That judgment be entered against Plaintiff and in favor of Affirm;

(4)  That Affirm be awarded its attorneys' fees and costs incurred herein; and

(5)  That the Court award any other and further relief it deems just and proper.

- 20 -

Dated: August 3, 2023

/s/ *Brian C. Frontino*
Brian C. Frontino
Florida Bar No. 95200
Kingsley C. Nwamah
Florida Bar No. 0118364
MORGAN, LEWIS & BOCKIUS LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33131
Telephone: (305) 415-3000
Facsimile: (305) 415-3001
brian.frontino@morganlewis.com
kingsley.nwamah@morganlewis.com
peggy.martinez@morganlewis.com

Attorneys for Defendant
   *Affirm, Inc.*